IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

CLARENCE SEAY,

    PLAINTIFF,

v.                                            CASE NO.: CV- 99-J-3061-NW

TENNESSEE VALLEY AUTHORITY,
CRAVEN CROWELL,

    DEFENDANTS.

## MEMORANDUM OPINION

This cause came on to be heard on the defendants' motion to dismiss Count Nos. 1-74 and 79-122 on the plaintiff's complaint (doc. 8) on April 24, 2000. Both parties were present by and through their attorneys of record, and the plaintiff was present as well. The court heard argument, took testimony and received evidence into the record. The court having considered each of the foregoing as well as the written argument of the parties, the court finds as follows:

The defendants alleges in their motion that this court lacks subject matter jurisdiction over numerous claims of the plaintiff, and that venue is improper in the Northern District of Alabama over other claims of the plaintiff.

### Factual Background

The plaintiff filed this suit alleging race and reprisal discrimination under Title VII. Complaint at ¶ 1. The plaintiff also alleges that he was entitled to Veteran's preferences he did not receive and that he was wrongfully suspended and wrongfully laid-off when the

defendant Tennessee Valley Authority ("TVA") underwent a reduction-in-force ("RIF"). *Id.*

The plaintiff states in his complaint that he lives Tennessee and worked for TVA in Colbert County, Alabama. Complaint at ¶¶ 6-7. The plaintiff alleges he was not hired for 43 different positions all posted by Vacancy Position Announcement ("VPA") because of his race and in reprisal for past allegations of discrimination he has made. Complaint at ¶¶ 254-617. The plaintiff also alleges the defendants violated his rights as a disabled veteran in terminating him pursuant to the RIF; that his being part of the RIF was racially discriminatory and retaliatory; and further that his prior suspension was racially discriminatory, retaliatory, and in violation of his rights.[1] The plaintiff initially sought EEO informal counseling on July 31, 1997 due to a sixty day suspension without pay he received for unauthorized use of a government vehicle.[2] Hearing Record 45-46, 87 (hereinafter referred to as "H.R. __"). At the initial counseling interview session on August 5, 1997, he made reference to the nonselection claims at issue for purposes of the defendants' pending motion to dismiss and a separate counseling session was held on those issues on August 8, 1997 H.R. 16, 45-46.

---

[1] The plaintiff testified he has a sixty percent disability from the United States Navy and is therefore entitled to a veteran's preference in job selection. H.R. 72.

[2] The plaintiff stated at the hearing that due to his suspension at the time of the non-work status (caused by the RIF notice), he was not able to pursue each of the positions like other employees because he was barred from the agency. He therefore had to go back through personnel or some other part of the agency to look at the announcement board because he did not have the same rights as other employees at that particular time. H.R. 73.

2

The defendants filed a motion to dismiss the plaintiff's claims relating to 40 of the VPAs for improper venue and 25 of the VPAs for lack of subject matter jurisdiction for failure to exhaust his available administrative remedies.[3] The parties argued both in their written memoranda and orally to the court over whether the defendant has waived its defenses under 12(b).

## Legal Analysis

### 1. Subject matter jurisdiction

The defendants argue that this court lacks subject matter jurisdiction over Counts 1, 2, 41, 42, 43, 44, 61, 62, 63, 64, 65, 66, 71, 72, 73, 74, 79, 80, 81, 82, 91, 92, 93, 94, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121 and 122 because of the plaintiff's failure to exhaust his administrative remedies. Defendants' brief in support at 12, 15.

The plaintiff states this court has subject matter jurisdiction over the 25 VPAs at issue here because the defendants' EEO counselor waived the requirement that the plaintiff file formal complaints of discrimination, therefore the plaintiff was not required to exhaust his administrative remedies and these claims are not barred. The defendant argues that an EEO counselor at TVA does not have the authority to waive a statutory prerequisite to suit

---

[3]These two categories of dismissal total more than the 43 VPA's listed in the plaintiff's complaint because the defendants allege that some of the counts of the complaint are due to be dismissed both because the court lacks subject matter jurisdiction and because this court is not the proper venue for these claims.

established by the United States Congress. H.R. 9. The EEO counselor testified that he has no authority to make decisions on the validity of a complaint or accept or reject complaints. H.R. 31. He stated he is required to go through the informal counseling process on every concern brought to him and try to resolve the same informally. H.R. 31.

The plaintiff alleges he brought 32 VPAs to the attention of the defendants' EEO counselor and he told the plaintiff to pick his 20 "best". H.R. 99, 105. The court finds his entire testimony from the hearing to be contradictory and not credible. The defendant states that the plaintiff never filed formal administrative complaints for nonselection on 25 of the VPAs. Defendant's brief in support at 16.

As to the 32 VPAs raised with the EEO counselor, Willie Harvey, at the time the plaintiff sought counseling for his claims of discrimination, he had not been informed he had not received any of these positions. Rather, he made that leap from receipt of his RIF notice.[4] *See* H.R. at 80, 120. On July 14, 1997, the plaintiff wrote Wallace Tanksley stating that in the past week he had applied for approximately 32 vacant TVA positions.[5] Plaintiff

---

[4]While the plaintiff's testimony was confusing as to dates and events, as this court understood the plaintiff's testimony, he had not even applied for ten of the positions on the date he began the informal EEO process relating to his discrimination claims on each of these VPAs. H.R. 80, 121. The plaintiff's attorney essentially conceded the court lacks jurisdiction over the ten he had not applied for as of August 5, 1997. H.R. 121-122.

[5]This interesting letter states that "I hope you do not have the same character or possess the same feelings as your subordinate personnel officers who have direct responsibility to influence the Board's commitment policy concerning a disabled veteran of my caliber" and "If you share the same non committed opinion as the other mentioned managers, please notify me as soon as possible by letter within the next 10 days so that I can seek alternate support." Plaintiff's Exhibit 3.

4

Exhibit No. 3. According to the testimony at the hearing, his allegation of racial and retaliatory nonselection for every one of these positions was made less than two weeks later, on July 26, 1997. The plaintiff admitted he had not received any nonselection notices at the time he wrote Mr. Tanksley. H.R. 76.

Under 42 U.S.C. § 2000e-16(c), the plaintiff must have filed a formal charge or complaint of discrimination with the department, agency or unit and may then sue for the department, agency or unit's failure to take final action on a complaint or if aggrieved by the final resolution of such complaint. *Irwin v. Department of Veteran's Affairs*, 498 U.S. 89, 95-96, 111 S.Ct. 453, 458 (1990); *Crawford v. Babbitt*, 186 F.3d 1322, 1326 (11th Cir. 1999) ("A federal employee must pursue and exhaust administrative remedies as a jurisdictional prerequisite to filing a Title VII action").

The Supreme Court has stated:

> Section 717(c) permits an aggrieved employee to file a civil action in a federal district court to review his claim of employment discrimination. Attached to that right, however, are certain preconditions. Initially, the complainant must seek relief in the agency that has allegedly discriminated against him. He may then seek further administrative review with the Civil Service Commission or, alternatively, he may, within 30 days of receipt of notice of the agency's final decision, file suit in federal district court without appealing to the Civil Service Commission .... In any event, the complainant may file a civil action if, after 180 days from the filing of the charge or the appeal, the agency or Civil Service Commission has not taken final action.

*Brown v. General Services Administration*, 425 U.S. 820, 832, 96 S.Ct. 1961, 1967, 48 L.Ed.2d 402 (1976). The Court went on to hold:

> Section 717 ..provides for a careful blend of administrative and judicial enforcement powers ... Under the petitioner's theory ... § 717, with its rigorous administrative exhaustion requirements and time limitations, would be driven out of currency were immediate access to courts under other, less demanding statutes permissible. The crucial administrative role that each agency together with the Civil Service Commission was given by Congress in the eradication of employment discrimination would be eliminated 'by the simple expedient of putting a different label on the pleadings'(citation omitted)."

425 U.S. at 833, 96 S.Ct. at 1968.

The plaintiff argues the defendants were on notice of his claims because he made one reference in the formal complaint to 42 VPAs on which he was not selected. *See* Plaintiff Exhibit No. 2, H.R. 52, 53. At the hearing, the plaintiff argued that there "is no dispute from TVA that when he went formal he mentions in the attachments forty-two positions that were in there." H.R. 122. However, the plaintiff submitted no evidence or law in support of his apparent position that the purpose of the exhaustion requirement is to place the agency on notice of each claim. Rather, this court finds that the purpose is to attempt to resolve each claim prior to seeking court adjudication. The Supreme Court, as quoted *infra*, made clear that exhaustion of administrative remedies is a prerequisite to suit for all Title VII claims against the federal government. The plaintiff here failed to pursue each claim through the entire administrative process. The reason why plaintiff failed to pursue each non-selection claim is not particularly relevant to this court.[6]

---

[6] The court notes that the plaintiff had previously filed EEO complaints and lawsuits based on alleged discrimination and hence was familiar with the process. H.R. 14-15, 38, 39. Mr. Harvey testified he formed the impression that the plaintiff was "quite knowledgeable of the process. He cited federal regulations, Civil Rights regulations, TVA policies and procedures. So

At the hearing, substantial testimony was given by the EEO counselor Willie Harvey and the plaintiff regarding whether or not the plaintiff informed Mr. Harvey that he wished to pursue approximately 20, 32 or 42 nonselection claims. The plaintiff testified Mr. Harvey told him to select his twenty "best" cases on the VPAs. H.R. 82-83, 99. Mr. Harvey denied this and stated every issue raised by the plaintiff was included in his counseling report. H.R. 32, 33. Mr. Harvey testified that at the initial counseling session for the nonselection issues, held August 8, 1997, the plaintiff did raise that he was not selected for thirty-two positions. H.R. 46-47. However, Mr. Harvey testified that he never told the plaintiff to select the twenty best because he would not process all thirty-two claims. H.R. 47-48. Further dispute concerned when the plaintiff first notified Mr. Harvey of his nonselection and RIF claims. H.R. 78, 81.

This court finds it does not matter which witness was telling the truth, as the reason the plaintiff did not exhaust his administrative remedies is not relevant to the inquiry of administrative exhaustion.[7] Only eighteen VPAs were pursued further. Mr. Harvey testified this was all he received from the plaintiff. H.R. 48. If the plaintiff felt that the agency EEO counselor was being unjust, he could have gone through the full administrative hearing

---

I left with the impression that he was very knowledgeable of the process." H.R. 30. The plaintiff testified "I know the system well." H.R. 101.

[7]Similarly, the timeliness of plaintiff's claims is not at issue in this case and therefore the first date at which plaintiff told Mr. Harvey about his nonselection claims is irrelevant to the issues before this court.

process to exhaust his administrative remedies. *See Brown v. GSA, supra*; 42 U.S.C. § 2000e-16.

Evidence submitted by the defendants establishes that on September 5, 1997, the plaintiff wrote Mr. Harvey, "I would like to go formal on all my issues by the 15th of September." Defendant Exhibit No. 7. Attached to this letter is information concerning 17 VPAs.[8] *Id.* Similarly, in the document entitled "Your Rights and Responsibilities in the Equal Opportunity Complaint Process", the plaintiff signed a statement that the issues to which he was limited in his formal complaint were:

> 1) Nonselection for approximately 20 positions - learned of nonselections on August 26, 1997[9]
> 2) RIF notice on July 25, 1997
> 3) Termination on September 26, 1997.

Defendant's Exhibit No. 8; H.R. 18, 29. The plaintiff was informed that he needed to provide information regarding each of the VPAs about which he complained. H.R. 19. The EEO office received documentation from the plaintiff on August 18, 1997 concerning one of the VPAs. H.R. 20. Further information concerning these VPAs was received by Mr.

---

[8]These are VPA #12169 (Counts 57-60); 12103 (Counts 37-40); 12128 (Counts 53-56); 12116 (Counts 45-48) 12120 (Counts 49-52); 12078 (Counts 11-14); 12085 (Counts 27-30); 12075 (Counts 7-10); 12084 (Counts 23-26); 12069 (Counts 3-6); 12083 (Counts 19-22); 12079 (Counts 15-18); 12205 (Counts 67-70); 12099 (Counts 33-36); 12231 (Counts 87-90); 12230 (Counts 83-86); and 12234 (Counts 95-98). However, the position advertised in VPA 12205 was never filled and therefore the plaintiff's complaint on this VPA was dismissed as premature because no personnel action was taken. Defendant's Exhibit No. 11.

[9]The testimony at the hearing was that this date should have been July 26, 1997. H.R. 55-56, 64.

Harvey August 19, 1997 and September 5, 1997. H.R. 24-26, 69. Mr. Harvey testified that an exhibit introduced at the hearing was a copy of notes he made when he looked at the information provided to him by the plaintiff. H.R. 30. Eighteen VPAs are listed in this exhibit.[10] Defendant's Exhibit No. 9. Mr. Harvey further explained that he told the plaintiff to provide specific information about the issues he wanted to pursue. He was given information on eighteen, not thirty-two, VPAs. H.R. 57. The court notes that when the plaintiff wrote letters to Judy Gregory and Faye Smith seeking information about his nonselection, he only sought information for eighteen VPAs. Defendant Exhibit Nos. 4 and 4A, H.R. 96-97.

The plaintiff further testified that on September 9, 1997, he signed the Defendant's Exhibit No. 8 after reading the document. H.R. 89. He acknowledged that his signature on the page in question confirmed that the issues listed were the issues raised by him with the EEO counselor. *Id.* He admitted he was instructed at the time that these were the only issues which would be the subject of his formal complaint. H.R. 90.

This court finds no evidence to substantiate plaintiff's allegation that he pursued forty-two VPAs through the formal complaint process.[11] Because this court can find evidence of

---

[10] VPA 12211 is listed on this document as part of the information provided to Mr. Harvey, but not listed by the plaintiff on the September 5, 1997 letter.

[11] In fact, the plaintiff testified that he had only applied for thirty-two positions when he met with Mr. Harvey on August 5, 1997. He further stated that he was complaining about not being selected for the other positions that he had not even applied for at that time. The Court asked, "I just want to make sure I understand you are complaining about at least ten positions

9

only eighteen VPAs placed before the agency at the formal complaint level (one of which is not the subject of this complaint), the court finds the remaining twenty-six nonselection claims on VPAs are due to be dismissed due to the plaintiff's failure to exhaust his administrative remedies.[12] *See e.g., Hoffman v. Boeing*, 596 F.2d 683, 686 (5th Cir.1979) (affirming dismissal of the action because the federal employee did not exhaust his administrative remedies); *Scott v. Perry*, 569 F.2d 1064, 1065 (9th Cir.1978) (upholding dismissal for failure to exhaust administrative remedies).

The plaintiff further argues that the defendants' motion to dismiss for lack of subject matter jurisdiction was untimely. H.R. at 119-120. Plaintiff's counsel stated that "I believe I stand correct in saying that this cannot be described as a 12(b)(1) motion, because 12(b) has to be filed before any responsive pleading can be filed." H.R. 119. Rule 12(b), Federal

---

that you have not applied for?" to which the plaintiff responded "Right." H.R. 80.

[12]While Courts allow issues which could reasonably have been expected to grow out of an administrative complaint or that were raised or addressed in the administrative process to be included within the scope of a judicial complaint, the nature of the numerous Counts of the plaintiff's complaint before this court do not allow for such expansion. *See Eastland v. Tennessee Valley Authority*, 714 F.2d 1066, 1067-68 (11th Cir. 1983); *Ray v. Freeman*, 626 F.2d 439, 443 (5th Cir. 1980). This court notes, for example, the fact that plaintiff may have been justifiably denied a position listed on one VPA due to lack of qualifications does not mean the denial of a different position on a different VPA was justified. However, the only means to allow the agency to make that determination would be to exhaust administrative remedies for each position. Further, the plaintiff does not so much allege the agency should have found a different position for him, rather he states he was discriminated against for a variety of reasons each time he was not selected for a particular position. As such, for each nonselection claim, the reasons he was not selected for other positions are not relevant. He would have to show, for each of the VPAs, that he was qualified for that position and not selected due to his race or retaliation. *See e.g., Walker v. Mortham*, 158 F.3d 1177, 1187 (11th Cir.1998).

10

Rules of Civil Procedure states that "[e]very defense ... to a claim for relief in any pleading ... shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter...."

Rule 12(h) states in pertinent part that "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action. Rule 12(h)(3), Fed.R.Civ.P. As such, this court finds the plaintiff's argument that the challenge to subject matter jurisdiction is untimely because it was raised for the first time after the defendant's initial responsive pleading to be unmeritorious.

**2. Improper Venue**

Title VII states that "[A]n action may be brought in any judicial district in the state in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice..." 42 U.S.C. section 2000e-5(f)(3).

The defendants argue that for all but one of the remaining VPAs in question, the "unlawful employment action" (the failure to select the plaintiff). occurred in Tennessee.[13]

---

[13] Actually, the defendant states 40 of the 43 VPAs were for positions in Tennessee. However, the court has already found all but seventeen VPAs must be dismissed for lack of subject matter jurisdiction. Only VPA 12211 (Counts 75-78) was pursued through the formal process by the plaintiff and for a position in within this judicial district (Muscle Shoals, Alabama).

11

The defendants further allege that the relevant employment records for each of the VPA nonselection claims are maintained in the judicial district in which the decision was made and that the plaintiff would have worked in the judicial district where the decision was made and the records were kept. The plaintiff offered no evidence to dispute that this would be in Tennessee on each of the VPAs except for 12211.

The Supreme Court has found that Congress had a restrictive intent as to the geographic reach of Title VII. *Cortez Byrd Chips, Inc. v. Bill Harbert Construction Co.*, – U.S. –, 120 S.Ct. 1331, 1339 (2000); citing *EEOC v. Arabiam American Oil Co.*, 499 U.S. 244, 256, 111 S.Ct. 1227, 113 L.Ed.2d 274 (1991). Examining the relationship of 28 U.S.C. § 1391(e) and 42 U.S.C. § 2000e-5(f)(3), the Second Circuit stated:

> Section 1391(e) is a general venue provision. It permits a case to be brought against the federal government in the district where the plaintiff resides. Section 2000e-5(f)(3) was enacted two years after section 1391(e) and is part of Title VII ....
>
> The relevant statutory language and case law convince us that section 2000e-5(f)(3) controls the question of venue in this instance. It is clear that section 1391(e) has its limitations. It applies to civil actions in which an agency of the United States if a defendant "except as otherwise provided by law." Section 2000e-5(f)(3) ... is one such law that "otherwise provide[s]."

*Bolar v. Frank*, 938 F.2d 377 (2nd Cir.1991). The plaintiff argues that under 16 U.S.C. § 831(g), TVA is deemed to be a resident of the Northern District of Alabama for purposes of venue. This court finds, however, that the defendant's place of residency for purposes of venue under § 2000e-5(f)(3) does not matter. It is not one of the three locations in which

venue lies in discrimination cases. *See Johnson v. Payless Drug Stores Northwest, Inc.,* 950 F.2d 586 (9th Cir.1991); *cert. denied,* 505 U.S. 1225, 112 S.Ct. 3044, 120 L.Ed.2d 911 (1992) ("Moreover, venue for [the plaintiff's] right of action is circumscribed by the very statute that gives [him] the right to sue in the first place" (citations omitted)).

The plaintiff argues the motion to dismiss is untimely as the motion was filed after the defendants filed an answer. The plaintiff further argues that the special venue provision of Title VII, 42 U.S.C. §2000e-5(f)(3) was not raised in the defendants' answer and hence was waived. The defendants responded that they did raise 28 U.S.C. § 1404(a) in their answer and hence have not waived any defenses concerning venue. H.R. at 5.

Under 12(b)(3), Fed.R.Civ.P., the defendant must raise the issue of improper venue either before or within the first responsive pleading filed with the court. Rule 12(h)(1), Fed.R.Civ.P., stated that the defense of improper venue is waived if not made by motion nor included in a responsive pleading. In the facts before this court, the defendants state in their answer that venue is inappropriate in the Northern District of Alabama, under the section entitled "Fourth Defense." The same section of the answer then states:

> Therefore, under 28 U.S.C. § 1404(a), venue in the Northern District of Alabama is not convenient for the parties and the witnesses, and the case should be transferred to the Eastern District of Tennessee.

While the defendants do not, in their answer, specifically state that venue in this district is inappropriate under 42 U.S.C. § 2000e-5, each basis for venue contained in that statute is put forth. The plaintiff argues that the defendants raise only 28 U.S.C. §1404(a) in their answer

13

and that this was insufficient to preserve the defense of improper venue. Plaintiff's memorandum in opposition at 12. However, this court notes §1404(a) sets forth the District Court's ability to transfer venue and does not provide a basis for venue at all. The plaintiff's attorney argued at the hearing that the above-quoted paragraph in the defendants' answer was insufficient to put him on notice that they were raising special venue. H.R. 124. This court disagrees.

**3. Pendent Jurisdiction**

The plaintiff further argues that under the concept of pendent jurisdiction, this court may, in its discretion, hear claims which arising out of a common nucleus of operative facts as to other claims for which venue is proper. Plaintiff's memorandum in opposition at 13-14. The plaintiff states that Counts 123-127 and 131 should be considered as the principle claims in this lawsuit and the court should further exercise pendent jurisdiction over the other hundred plus counts of his complaint concerning nonselection. *Id.* at 14. This wholly ignores 42 U.S.C. § 2000e-5 which sets forth specific places in which venue is proper for each claim of discrimination. This court finds for the vast majority of claims remaining in the plaintiff's complaint, this would be the Eastern District of Tennessee.[14] As such, this court finds that, under 28 U.S.C. § 1406(a), this court should either dismiss or transfer the claims for which venue could not ever be proper here.

---

[14]The court notes the plaintiff's pendent jurisdiction argument would be much more compellingly made to the Court for the Eastern District of Tennessee.

14

As the plaintiff's counsel pointed out at the hearing, "even if you assume that venue is improper for any number of these forty-two positions under Title VII allegations, this court still has jurisdiction of one case that's a vacancy announcement, and jurisdiction of counts 123 through 131, two of which are based upon Title VII." H.R. 125-126. Finding that the majority of claims not dismissed for lack of subject matter jurisdiction are properly heard in the Eastern District of Tennessee, this court finds that concepts of judicial economy and the foreseeable problems with duplicative litigation dictate that this case is best suited to be transferred in its entirety to the Eastern District of Tennessee. See 28 U.S.C. §§ 1404(a), 1406(a).

### Conclusion

In consideration of the foregoing,

It is **ORDERED** by the Court that defendants' motion to dismiss for lack of subject matter jurisdiction be and hereby is granted and the following counts of the complaint are **DISMISSED**: Counts 1, 2, 41, 42, 43, 44, 61, 62, 63, 64, 65, 66, 71, 72, 73, 74, 79, 80, 81, 82, 91, 92, 93, 94, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121 and 122.

It is further **ORDERED** by the court that the defendants' motion to dismiss for improper venue, be and hereby is **DENIED.** The court having considered the defendants' allegations of improper venue, the court **FINDS** that under 28 U.S.C. section 1404(a), this case is due to be transferred to the Eastern District of Tennessee. It is therefore **ORDERED**

by the court that this case be and hereby is **TRANSFERRED** to the United States District Court for the Eastern District of Tennessee. The Court **DIRECTS** the Clerk of Court to take all actions necessary to effectuate the same.

 **DONE** and **ORDERED** this the ___4___ day of <u>May</u>, 2000.

_____<br>
Inge P. Johnson<br>
United States District Judge